J-S14005-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAYLA RENAY BAUSINGER | : | |
| | : | |
| Appellant | : | No. 1780 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 4, 2025
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001511-2023

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: JULY 10, 2026**

Kayla Bausinger appeals from the judgment of sentence imposed following her guilty plea to theft by deception.[1]  She claims the trial court should have allowed her to withdraw her guilty plea.  We affirm.

On November 1, 2023, police charged Bausinger with theft by deception, graded as a third-degree felony.  This charge was filed after Bausinger, a managerial supervisor at two local McDonald's locations, was observed on video surveillance making fraudulent cash refunds and either pocketing the money or giving it to a customer.  By information filed November 30, 2023, the Commonwealth charged her with this crime and listed the total amount taken as $30,718.50.  Thereafter, Bausinger waived her arraignment, and the matter was scheduled for the entry of a guilty plea on February 16, 2024.

---

[1] 18 Pa.C.S.A. § 3922(a)(1).

On February 1, 2024, however, upon stipulation of the parties, the trial court entered an order extending the period in which Bausinger could file an omnibus pre-trial motion by thirty days. A subsequent order cancelled the previously scheduled guilty plea hearing. After being granted two continuances, Bausinger filed a petition for writ of *habeas corpus*. In this petition, Bausinger asserted that, to support the third-degree felony charge, the Commonwealth was required to prove that she stole in excess of $2,000.00. According to Bausinger, at most, the Commonwealth could prove she took $200.00. Bausinger therefore sought the dismissal of the charges or, alternatively, to have the Commonwealth reduce the charge to a second-degree misdemeanor.

Thereafter, the trial court granted the defense two continuances. On July 16, 2024, Bausinger's counsel withdrew his appearance, and present counsel entered her appearance. The court granted three more defense continuances, and then set trial for April 23, 2025.

Meanwhile, on July 22, 2024, the trial court held an evidentiary hearing on Bausinger's *habeas corpus* petition. At this hearing, the court heard testimony from McDonald's director of operations, the owner of the restaurants, and the state trooper who filed the charges. By opinion and order entered January 10, 2025, the trial court denied Bausinger's *habeas corpus* petition. In doing so, the court first acknowledged that Bausinger did not contest committing the thefts, but only the amount of money she stole. The

court then stated that the Commonwealth presented sufficient evidence for the jury to determine the actual amount of money taken.

Following a pre-trial conference in March 2025, the trial court entered an order scheduling the matter for the entry of a guilty plea on June 6, 2025. Thereafter, Bausinger completed a written plea colloquy which stated the terms of the plea agreement; in return for her guilty plea to theft by deception, graded as a third-degree felony, the Commonwealth agreed to a seven-year probationary term and restitution in the amount of $30,000.00. The trial court conducted an oral colloquy with Bausinger on June 6, 2025. By order entered June 17, 2025, the court accepted Bausinger's guilty plea and scheduled sentencing for July 29, 2025.

On July 17, 2025, Bausinger filed a petition to withdraw her guilty plea. In this petition, the only reason Bausinger gave for seeking withdrawal was her "asserting her innocence." The Commonwealth filed a response on September 9, 2025. By order entered October 29, 2025, the trial court noted that the parties were not ready to proceed and, therefore, rescheduled a hearing on Bausinger's motion and/or sentencing to November 24, 2025. In this order, the court informed the parties to be ready at that time:

> At the time of the last scheduled hearing, defense counsel had sought to alter the plea agreement to either lower the grading of the offense from a felony to a misdemeanor or to obtain acceptance in the felony diversionary program and the parties agreed to continue the matter to engage in discussions. The Commonwealth did not notify defense counsel of its rejection of these discussions until yesterday. . . .

The parties are free to discuss the amount of restitution or the filing of a motion challenging the amount of restitution. However, regardless of any further discussions between the parties about the plea or restitution, the parties must be prepared to litigate the motion to withdraw [the] guilty plea and to proceed directly to sentencing on November 24 if the motion to withdraw is denied. [The court is not indicating how it is going to rule on the motion. It merely wants the parties to be prepared for all contingencies.]

Order, 10/29/25, at 1 (footnote omitted).

On November 24, 2025, the trial court held an evidentiary hearing. At that time Bausinger acknowledged that she pled guilty because she was guilty of the thefts, but denied she stole $30,000.00. She testified that the amount of money she took from McDonald's was "absolutely" less than that amount. N.T., 11/24/25, at 6. She agreed with her counsel that was the reason why she wanted to withdraw her guilty plea, but further testified:

**A** I mean there's other reasons as well. I know it probably doesn't go with this case, but others got caught stealing and they were not charged so I feel I'm being discriminated against.

*Id.* That same day, the trial court entered an opinion and order denying Bausinger's motion to withdraw her guilty plea and scheduling Bausinger's sentencing for December 4, 2025. On that date, the trial court imposed the negotiated sentence of seven years of probation and imposed restitution in the amount of $30,000.00. In a subsequent order, the court ordered Bausinger to pay $100.00 a month toward restitution. This appeal followed. Both Bausinger and the trial court have complied with Appellate Rule 1925.

Bausinger raises the following issue on appeal:

I.     Whether the trial court erred by denying her motion to withdraw her guilty plea because the dispute of grading of the offense and the amount of requested restitution is [a] fair and just reason for a withdrawal and the Commonwealth would not be prejudiced by the withdrawal.

Bausinger's Brief at 7.

We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Islas*, 156 A.3d 1185, 1187 (Pa. Super. 2017). Pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides:

> (A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides: "After the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." *Id.* cmt. However, a defendant does not have an absolute right to such relief. In *Commonwealth v. Carrasquillo*, 115 A.3d 1284 (Pa. 2015), our Supreme Court clarified that a pre-sentence motion to withdraw must demonstrate the promotion of fairness and justice. *Id.* at 1285. Rather, the Court concluded:

> [T]he proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1292 (internal citation omitted). Thus, the **Carrasquillo** Court established that trial courts still have discretion to assess the plausibility of a defendant's claim of innocence. In doing so, "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." **Islas**, 156 A.3d at 1190.

> Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

**Commonwealth v. Norton**, 201 A.3d 112, 121 (Pa. 2019).

On appeal, Bausinger claims that the trial court abused its discretion in denying her request to withdraw her guilty plea prior to sentencing and proceed to trial. Specifically, she qualifies her claim of innocence; although she freely admitted that she stole money from her employer, Bausinger asserts that she did not steal enough money to support her plea to a third-degree felony. Bausinger then argues that her claim was "a fair and just reason for the withdrawal and the Commonwealth would not have been prejudiced by the withdrawal." Bausinger's Brief at 9.

The PCRA court disagreed, finding that Bausinger did not provide a fair and just reason:

> The court finds that [Bausinger] has failed to show a plausible assertion of innocence or any other fair and just reason to withdraw her guilty plea. [Bausinger] readily admitted in her testimony that she had committed a theft. While she disputed

that the amount of the theft was $30,000, she did not offer any testimony or evidence that the amount was less than [$2,000]. The jury does not determine the specific amount stolen, which would be an issue for a restitution hearing; [the jury] only determines whether the amount is sufficient for the grading of the offense, which in this case would be any amount in excess of [$2,000]. ***See*** 18 Pa.C.S.A. §3903 (regarding grading of theft offenses). [The trial court, when denying Bausinger's *habeas corpus* motion,] determined that there was sufficient evidence for the case to proceed to a jury, and then [Bausinger] pleaded guilty to the crime graded as a felony of the third degree. [Bausinger] has not demonstrated in any manner that this charge was improperly graded, she has only offered a bare assertion that she did not take the total amount claimed by the Commonwealth.

Opinion and Order, 11/24/25, at 4.[2] In its Rule 1925(a) opinion, the PCRA court supplemented its prior ruling by noting that Bausinger's claim that she was innocent of the third-degree-felony theft charge was the only basis for her pre-sentence withdraw request, and, therefore, any other basis was waived.

We discern no abuse of discretion in denying Bausinger's pre-sentence motion to withdraw her guilty plea. Bausinger's claims to the contrary are unavailing. Her entire argument is as follows:

Bausinger should be able to withdraw her plea because she disputed the grading and the grading increases her maximum penalties under the law. The United States Supreme Court has held that in cases where the ". . . mandatory minimum sentences

---

[2] In a footnote, the trial court stated that the Commonwealth did not establish that it would be substantially prejudiced if the court permitted Bausinger to withdraw her plea. The Commonwealth concedes as much in its brief. ***See*** Commonwealth's Brief at 9-10. We need not review this determination because we agree Bausinger did not establish a fair and just reason to withdraw her guilty plea.

increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" that must be submitted to the jury." *Alleyne v. United States*, 133 S.Ct. 2151, 570 U.S. 99 (2013).

While a mandatory minimum is not an issue in this case, the fact that a higher grading and a higher penalty is at issue makes her request to withdraw her guilty plea a good reason under the law. This is because the issue that increased penalties exist under certain circumstances is one that even the Supreme Court found was important enough though it doesn't rise to the level of a jury question as required in [*Alleyne*]. Further, Bausinger asserted her innocence as to taking $30,000 and stated that she took significantly less.

At a hearing on her motion to withdraw her guilty plea, Bausinger testified that she is guilty of theft but that the amount that she took from her employer was less than $30,000. This is an issue of fact for the jury to decide and she should have been permitted to take that issue to the jury.

Bausinger's Brief at 11-12 (citation to notes of testimony omitted).

We disagree. Initially, Bausinger's reliance on *Alleyne*, is inapt. *Alleyne* addressed mandatory minimum sentencing factors that increased penalties, not the initial grading of the criminal offense at issue. Moreover, Bausinger did challenge the grading of the theft offense via a pre-trial motion for habeas corpus relief and the trial court ruled that whether Bausinger's theft exceeded $2,000.00 was a question for the jury. Given this ruling, Bausinger still chose to plead guilty to theft as a third-degree felony.

In addition, our review of her withdrawal motion supports the PCRA court's statement that Bausinger's only basis for her request was her grading challenge. Finally, as acknowledged by the trial court, and as Commonwealth points out in its brief, even if Bausinger was permitted to withdraw her plea

and proceed to trial, the jury would not determine whether she stole $30,000.00, only whether the amount taken exceeded $2,000.00. ***See*** Commonwealth's Brief at 7. As noted by the trial court, Bausinger never challenged the amount of the restitution order.

In sum, for these reasons, we conclude that the trial court did not abuse its discretion in denying Bausinger's pre-sentence motion to withdraw her guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/10/2026